UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:19-CR-664 |
| | § | |
| RODOLFO VENTO, JR., | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Defendant Rodolfo Vento, Jr. timely moves for a new trial under Federal Rule of Criminal Procedure 33(b)(2). (Motion, Doc. 114) Vento argues that his November 2019 jury trial, in which the jury found him guilty, was unfairly prejudicial because the United States introduced evidence of Vento's prior conviction in violation of Federal Rule of Evidence 404(b) and the Court's Order on a Motion in Limine. (*Id.* at 4) Vento argues that the Court's admission of this evidence was harmful and erroneous.

Having considered the record and the applicable law, the Court finds that Vento's Motion lacks merit.

### I. Procedural and Factual Background

In July 2019, a grand jury indicted Vento with conspiracy to transport and harbor certain aliens within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(1) and (a)(1)(B)(1).[1] (Orig. Indictment, Doc. 7)

In August 2019, Vento's counsel filed an Unopposed Motion in Limine requesting an order that precluded the United States from mentioning any extraneous crimes or misconduct by Vento without first seeking permission from the Court. (Doc. 19) Vento also filed an Unopposed Request for Notice of Intent to use Rule 404(b) Material, which requested that the

---

[1] The original Indictment also included a count of concealing and harboring a certain alien within the United States for commercial advantage, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(1). In a Superseding Indictment, the grand jury also indicted Vento with an additional count of conspiring to transport and move aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1). (Doc. 29) At trial, the United States proceeded only as to Count One (conspiracy to transport or move aliens who had entered or remained in the United States in violation of law).

United States provide reasonable notice of its intention to use any such evidence at trial. (Doc. 24) In September 2019, the Magistrate Judge granted both motions. (Doc. 60 (Minute Entry))

In October 2019, the United States notified the Court and Vento of its intent to offer evidence pertaining to a number of Vento's prior convictions—including a 2011 conviction for transporting an unlawful alien in violation of 8 U.S.C. § 1324—for the purpose of "show[ing] motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident as provided by Rule 404(b)". (Notice, Doc. 66, 1-2) Some of this evidence stemmed from the Government's recordings of various phone calls Vento made while incarcerated awaiting trial. In these calls, which occurred largely in Spanish, Vento referenced a prior conviction. The Government's trial exhibit list included the jail call recordings and the translation of those calls. (Gov.'s 2nd Am. Exhibit List, Doc. 83)

The Court ordered the parties to file objections to proposed trial exhibits by November 13, 2019. (Order, 81)

On the first day of trial, November 18, 2019, the Court requested that the parties present a list of exhibits to which no party had asserted an objection. The Court pre-admitted those exhibits to facilitate the trial proceedings. The pre-admitted exhibits included the phone call recordings and transcripts at issue, including Exhibits 61, 61(i), 63(a), and 63(a)(i).[2] (Nov. 18 Hrg. Trans., 162–63)

On November 19, during the second day of trial, the United States played numerous phone call recordings and published the corresponding transcripts, including Exhibits 63(a) and 63(a)(i). (Nov. 19 Hrg. Trans., 185–192) In Exhibit 63(a), Vento references a prior conviction: "I know I went to prison for giving one of them a ride for thirty dollars. For thirty dollars I went two years, three years because I broke probation." (Exh. 63(a)(i)) And he expresses that he was

---

[2] Exhibit 61(i) is the transcript of the phone call recording marked as Exhibit 61, and Exhibit 63(a)(i) is the transcript of the phone call recording marked as Exhibit 63(a). Vento bases his Motion for a New Trial on Exhibit 61, but that exhibit contains no reference to prior bad acts and the admission of that exhibit provides no support for the Motion. The Court presumes the Motion meant to reference Exhibits 63(a) and 63(a)(i).

"not going to tell them that I am sorry for doing that". (*Id.*)  During the playing of the recording and the subsequent questions to the witness, Vento's counsel made no objection.

During the testimony regarding Exhibit 63(a) and other phone call recordings, the Court called a bench conference regarding the use of these exhibits.  (Nov. 19 Hrg. Trans., 192–96) Vento's counsel admitted that no objection had been made to the exhibits, but argued that by publishing the exhibits, the United States was attempting to impermissibly introduce Vento's prior convictions.  Counsel for the United States argued that the evidence was admitted for the purpose of showing an absence of mistake by Vento.  (*Id.* at 194–95)

After a recess, the Court addressed the parties outside the presence of the jury.  The Court noted that the phone calls and transcripts had been admitted without objection.  In addition, the Court found that, even if an objection had been timely made, the admitted exhibits included similar offense evidence that was relevant to an issue other than Vento's character—i.e, the absence of accident or mistake.  The Court also found that the probative value of these prior offenses was not substantially outweighed by any danger of undue prejudice to Vento.  The Court then described a proposed limiting instruction for the jury, to which neither counsel objected.[3]

The Court called the jury back to the courtroom and instructed them not to consider any evidence of similar prior acts committed by Vento as evidence against him in the current proceeding. The Court further instructed the jury that if they found, based on all of the other evidence presented at trial, that Vento did commit the acts charged in the indictment, then they were permitted to consider the evidence of the alleged similar acts for the limited purpose of deciding whether Vento had committed the acts he was charged with by accident or mistake. After the Court's instruction, the trial proceeded.

---

[3] The parties informed the Court that they had agreed to redact the character evidence from exhibits 67(a) and 67(a)(i), which the Court had admitted, but which had not been published. (*Id.* at 199–201). The Court agreed to the redaction.  The United States used the redacted version of exhibits 67(a) and 67(a)(i) during trial.

On the third and final day of trial, November 20, 2019, the United States played the phone call recording admitted as Exhibit 63(b), but erroneously published Exhibit 63(a)(i). (Nov. 20 Hrg. Trans., 40) The jury viewed the mismatched transcript for about 20 seconds before Vento's counsel objected. The Court immediately instructed the jury to disregard both the recording and the transcript. Once the jury had been excused, Vento's counsel moved for a mistrial on the basis that the United States had attempted to admit impermissible 404(b) evidence. But he appeared to be under the mistaken impression that the United States had published the portions of Exhibit 67(a)(i) that the United States previously had agreed to redact. The Court concluded that the transcript actually published—Exhibit 63(a)(i)—had already been admitted, and the jury had received a limiting instruction as to the consideration of extrinsic offense evidence. Based on these circumstances, the Court found that no unfair prejudice had occurred and denied Vento's motion for a mistrial.

Before closing arguments, the Court instructed the jury on the law, including the instruction regarding similar acts contained in Section 1.30 of the 2015 Fifth Circuit Pattern Jury Instructions. After deliberating, the jury found Vento guilty of conspiring to transport and harbor certain aliens within the United States.

On December 12, 2014, Vento timely moved for a new trial based on the admission of Exhibits 63(a) and 63(a)(i).

## II. Analysis

### A. Legal Standard

Under Federal Rule of Criminal Procedure 33(a), upon a defendant's motion, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." *See also United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) ("A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant.") (internal quotation marks omitted). "The 'interest of justice' is not an independent ground for granting a Rule 33

motion, but rather is the standard for granting any Rule 33 motion, whether based on newly discovered evidence or other grounds." *United States v. Wall*, 389 F.3d 457, 468 (5th Cir. 2004). The standard "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *Id.* at 466 (quoting *United States v. McBride,* 862 F.2d 1316, 1319 (8th Cir. 1988)); c.*f. Phillips v. Bowen*, 278 F.3d 103, 111 (2d Cir. 2002) (applying the interest of justice standard: "[W]e will not grant a new trial unless we find that the introduction of inadmissible evidence was a clear abuse of discretion and was so clearly prejudicial to the outcome of the trial that we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.") (internal quotation marks omitted). "The 'interest of justice' may be based on the trial judge's evaluation of witnesses and weighing of the evidence." *Wall*, 389 F.3d at 465–66; *see also United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006).

A "district court has broad discretion to decide a Rule 33 motion, [but] the court may not grant the motion unless the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *Fuchs*, 467 F.3d at 910. "Generally, motions for new trial are disfavored and must be reviewed with great caution." *United States v. Smith*, 804 F.3d 724, 734 (5th Cir. 2015)

## B. Admission of 404(b) Evidence

Vento argues that he was unfairly prejudiced by the Court's admission of evidence that referenced his prior conviction for unlawfully transporting undocumented aliens. (Motion, Doc. 114, 3–5) He contends that the Court erred in its ruling that this conduct was "relevant to [show] the absence of mistake or accident under Federal Rules of Evidence 404(b)". (*Id.*) Vento further argues that the Court should grant him a new trial because "the prosecutor violated the court's standing order on [his] Motion in Limine" by not requesting a hearing outside the presence of the jury. (*Id.* at 4) The lack of a hearing, according to Vento, "denied the court the

opportunity to truly weigh whether [the] probative value of such evidence [was] substantially outweighed by the potential for unfair prejudice". (*Id.* (citing Fed. R. Evid. 403; *Huddleston v. United States*, 108 S. Ct. 1496 (1988)).

Vento's Motion lacks merit because the admission of Exhibits 63(a) and 63(a)(i) was proper. And even if otherwise, Vento has not proved that in light of the whole record, the admission of those exhibits had such a substantial and prejudicial impact on the verdict that the interest of justice would require a new trial.

First, Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with [that] character." But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* In a criminal case, character evidence under Rule 404(b) must be strictly relevant to the particular offense charged. *United States v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006). "Admission of Rule 404(b) evidence must follow a two-step test incorporating Rules 401 and 403: The extrinsic evidence (1) must be relevant to an issue other than the defendant's character and (2) must have probative value that is not substantially outweighed by its prejudicial effect on the jury." *Id.* at 632 (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)); *see also Smith,* 804 F.3d at 735–37. At this second step, a court considers several factors, including: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *Smith*, 804 F.3d at 736 (citing *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013)).

Under step one, the Court finds that Vento's prior conviction for illegally transporting an undocumented alien was relevant to an issue other than his character. At trial, one of the contested facts involved whether Vento knew that a child, who was brought to his residence in

the middle of the night, was an undocumented alien.  The United States argued that evidence of Vento's prior involvement with undocumented aliens demonstrated that he should have been aware as to the status of this child at the time of the charged offense.  (Nov. 19 Hrg. Trans., 193–96)  The Court finds this argument compelling.

The Court also finds that the probative value of the extrinsic offense was not substantially outweighed by the danger of any unfair prejudicial effect.  The similarity of Vento's 2011 conviction to the instant offense increases the probative value of the evidence.  *See Beechum*, 582 F.2d at 917 (finding that the "overall similarity" of the two offenses—stealing credit cards and stealing a silver dollar—"generate[d] sufficient probity" to meet Rule 403).  And in the phone call at issue, Vento's reference to his past conviction is general and brief.  Any prejudicial effect was minimal and not unfair.  In addition, the Court instructed the jury to limit the use of the character evidence to the issue of a lack of absence or mistake by Vento.  (Nov. 19 Hrg. Trans., 201–02)

Second, even if the Court had erred in its admission of Exhibits 63(a) and 63(a)(i), given the cumulative effect of the other evidence against Vento, any such error would not disturb the soundness of the jury's verdict or the fairness of the trial.  *See United States v. Poole*, 735 F.3d 269, 279 (5th Cir. 2013)  ("Rule 33 caselaw cannot be understood except through the lens of avoiding the injustice of a compromised verdict."); *see also Wall*, 389 F.3d at 466  ("[T]he interest of justice standard 'requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial.'") (quoting *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988)).

Finally, Vento's argument that the United States did not request a hearing before publishing Exhibits 63(a) and 63(a)(i) to the jury also fails.  The United States had no obligation to request such a hearing because the Court already had admitted the exhibits after the parties

included them within the list of exhibits to which no party had lodged an objection. As a result, the parties were free to publish the admitted exhibits.

### III.     Conclusion

Based on the record and the applicable law, the Court concludes that Vento has not demonstrated that the interest of justice mandates the granting of a new trial. Accordingly, it is:

**ORDERED** that Defendant Rodolfo Vento, Jr.'s Motion for New Trial (Doc 114) is **DENIED**.

SIGNED this 4th day of March, 2020.

Fernando Rodriguez, Jr.
United States District Judge